IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID MAHONE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:09-CV-118-WKW [WO] |
| ) | |
| CITY OF MONTGOMERY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This suit, filed pursuant to 42 U.S.C. § 1983, has as its genesis a traffic stop that occurred in the early morning hours of January 28, 2008. Plaintiff David Mahone complains (Doc. # 1) that Montgomery police officers, and in particular Defendant Officer Dee Bogan, violated his constitutional rights by stopping his vehicle without probable cause and then using excessive force against him. He further claims that Defendant City of Montgomery is liable for Officer Bogan's alleged acts. Defendants respond that there was sufficient cause to stop Mr. Mahone's vehicle, and that no excessive force was used. (Doc. # 7.) Defendants filed a Motion for Summary Judgment (Doc. # 20), to which Mr. Mahone has responded (Doc. # 23). Upon consideration, the court finds that the motion is due to be granted in part and denied in part.

### I. STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24. "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Rule 56(e)(2). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists if "a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (citation omitted).

## II. DISCUSSION

### A. Officer Bogan's Liability

While Section 1983 provides a remedy for unconstitutional conduct under color of state law, the doctrine of "qualified immunity protects a police officer from liability under

[Section] 1983 if he was acting within his discretionary authority and his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165-66 (11th Cir. 2009) (citation omitted). Qualified immunity bars claims for monetary damages made against officials in their individual capacities. *Id*.

A court is no longer required to determine whether a plaintiff's constitutional rights were actually violated before proceeding to determine whether the right violated was "clearly established." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). In this case, however, there is no reason to depart from the "traditional approach," *Garczynski*, 573 F.3d at 1166, and the court will accordingly examine the two counts asserted against Officer Bogan in turn under this framework.[1] Further, in the case of an excessive force claim, Eleventh Circuit precedent dictates that a plaintiff need not make an additional showing that the constitutional violation was "clearly established," once the violation has been shown. *Fennell v. Gilstrap*, 559 F.3d 1212, 1216-17 (11th Cir. 2009).

### 1. False Arrest or Imprisonment

In his complaint, Mr. Mahone alleges that he was pulled over and detained without probable cause, thus violating his right to be free from unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1337 (11th Cir. 2007). This claim is denominated as one for false arrest and for false

---

[1] There is no dispute that Officer Bogan is acting within the scope of his discretionary authority as a police officer during the events in question.

imprisonment.  The claims may be theoretically distinct, as false arrest implicates the Fourth Amendment, while false imprisonment implicates the Fourteenth Amendment right to due process.  *Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009).  But there is no need to distinguish them here, because both turn on the question whether there was probable cause to detain Mr. Mahone for the relevant time period.  *Id*. (quoting *Ortega v. Christian*, 85 F.3d 1521, 1527 (11th Cir. 1996)).

"A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim, but the existence of probable cause at the time of arrest . . . constitutes an absolute bar to a section 1983 action for false arrest."  *Case*, 555 F.3d at 1326-27 (internal quotation marks and citation omitted).  Mr. Mahone was never formally arrested, but the parties do not dispute that he was subjected to a level of restraint constituting a "seizure" for Fourth Amendment purposes, and the same analysis applies.  *See id*. at 1326. "'Probable cause to arrest [or here, to seize] exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime.'"  *Id*. at 1327 (quoting *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)).  "Furthermore, an officer need only have arguable probable cause, not actual probable cause, in order to qualify for immunity from a Fourth Amendment claim."  *Garczynski*, 573 F.3d at 1167.  This means that, if an officer "reasonably could have believed that probable cause existed," he cannot be held liable.  *Id*. (citation omitted).

Officer Bogan's motion for summary judgment is supported by his affidavit stating that, as he followed the vehicle driven by Mr. Mahone, he observed the vehicle improperly change lanes and fail to use a turn signal when turning, and that Mr. Mahone was driving in a circle through an area with a high crime rate at well below the speed limit. (Doc. # 20, Ex. 2.) Mr. Mahone's own affidavit (Doc. # 23, Ex. 1) does not refute the allegation that he committed the traffic violations or was driving in this manner. Mr. Mahone states only that as he was driving, he noticed that some police cars were following him, and he then was pulled over a short time later after making several turns. Indeed, Mr. Mahone's affidavit is essentially an admission that he was driving in an unusual manner by making repeated turns to no apparent purpose.

There is thus no competent summary judgment evidence to refute Officer Bogan's statement that Mr. Mahone committed traffic violations; the traffic violations, in turn, constituted probable cause for the stop of Mr. Mahone's vehicle.

To the extent that Mr. Mahone's claim is based on the length of the traffic stop being excessive, it also fails. Mr. Mahone does not contest Officer Bogan's evidence that a "wingspan search" of Mr. Mahone's vehicle revealed a BB pistol that resembled an actual gun. (Doc. # 20, Ex. 2; Doc. # 23, Ex. 1.) Nor does Mr. Mahone take specific issue with the validity of this limited search of his vehicle. Having discovered an apparent firearm during a valid traffic stop in the middle of the night in a high-crime area, Officer Bogan did not act unreasonably, or without at least arguable probable cause, in continuing to detain Mr.

Mahone for long enough to investigate the status of the gun and determine whether there were any warrants for Mr. Mahone's arrest. Important factors in determining the reasonableness of a period of detention pending an investigation are its "brevity" and "whether the police diligently pursued their investigation." *United States v. Cooper*, 873 F.2d 269, 275 (11th Cir. 1989). Here, it appears undisputed that the stop lasted about half an hour (less than the amount of time approved in *Cooper*), and that the officers involved used that time to pursue their investigation of Mr. Mahone by checking for warrants, calling for a K-9 officer to come to the scene, and investigating the status of his BB pistol.

For the foregoing reasons, there is no genuine issue of material fact with respect to Mr. Mahone's claim for false arrest or false imprisonment. No reasonable jury could find that Officer Bogan lacked at least arguable probable cause to stop Mr. Mahone's vehicle and detain him for the time period in question under the facts in evidence. The motion for summary judgment is due to be granted as to this claim.

### *2. Excessive Force*

Mr. Mahone alleges that Officer Bogan further violated his Fourth and Fourteenth Amendment rights by using excessive force during the course of the traffic stop. According to Mr. Mahone's affidavit, he was not confrontational or aggressive with any officers, but they nonetheless "grabbed [him] by the shoulder and smashed [his] head against the side of the [car] door." (Doc. # 23, Ex. 1.) This is said to have resulted in pain, dizziness, and lightheadedness, as evidence of which Mr. Mahone submits records from his emergency

6

room visit the next morning.  (Doc. # 23, Exs. 1, 3.)  Officer Bogan's affidavit, supported by the affidavits of several of his fellow officers and that of a TV-station cameraman riding along with Officer Bogan, states that there was no such violent physical contact between Officer Bogan and Mr. Mahone, and Mr. Mahone was not observed to have any injuries by the time he was released from the scene.  (Doc. # 20, Exs. 1, 2, 3, 4, 5.)

Turning to the qualified immunity analysis, it is necessary first to determine whether a genuine issue of material fact has been created as to whether the violation of a constitutional right occurred.  An excessive force claim "must be analyzed under the Fourth Amendment's 'reasonableness' standard," which "requires balancing the nature of the Fourth Amendment violation against the government's interests."  *Garczynski*, 573 F.3d at 1166.  The inquiry "is an objective one:  the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Id*. at 1166-67.

The issue here, however, is a factual, and not a legal, one.  Officer Bogan does not dispute that "smashing" a nonconfrontational person's head into a police car would constitute excessive force; rather, he alleges that he never did such a thing.  Officer Bogan's version of the facts is supported by a greater number of witnesses than Mr. Mahone's, who primarily relies on his own recollection of the events that night.  Nonetheless, the affidavits of the EMT's who responded to Mr. Mahone's residence later that night (Doc. # 20, Exs. 6, 7), as well as the hospital records from Mr. Mahone's visit to the emergency room the next

morning (Doc. # 23, Ex. 3) provide at least some support for Mr. Mahone's story, as he complained of being physically mistreated by the police and of physical symptoms, such as blurred vision and numbness, from a very short time after the alleged events would have taken place.

Officer Bogan and the City point out that the hospital records and observations of the EMT's did not note much in the way of obvious physical symptoms, but Mr. Mahone's primary complaints were of a less readily observable nature, and there is no assertion in the medical records of a belief by the EMTs or hospital personnel that Mr. Mahone was being dishonest in his report of his symptoms. Moreover, contrary to the City's assertion, it is not clear from their face whether the medical records' statement that Mr. Mahone suffered a wrist sprain and head contusion was entirely based on Mr. Mahone's self-reporting, or was based on the independent assessment of medical personnel.

Accordingly, there is a genuine issue of material fact as to whether Officer Bogan violated Mr. Mahone's right to be free from the use of excessive force during their encounter. As explained earlier, Mr. Mahone need not make an additional showing that the alleged constitutional violation of his right to be free from the use of excessive force was clearly established. The motion for summary judgment is due to be denied with respect to the excessive force claim against Officer Bogan.

### B. Municipal Liability

"A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was

a result of municipal policy or custom." *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009). This "may include a failure to provide adequate training if the deficiency 'evidences a deliberate indifference to the rights of [the city's] inhabitants.'" *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Mr. Mahone does not even attempt to show how the City of Montgomery could be found liable under this standard. His complaint (Doc. # 1) rests on a bare theory of *respondeat superior*, while his summary judgment response (Doc. # 23) contains no additional argument on this issue. None of the proffered summary judgment evidence, which includes an affidavit from Mr. Mahone (Doc. # 23, Ex. 1), an affidavit from Officer Bogan (Doc. # 23, Ex. 2), and medical records from Mr. Mahone's visit to the hospital the next morning (Doc. # 23, Ex. 3), has any relevance to whether the City failed to properly train or supervise its police officers. There is no genuine issue of material fact as to this claim, and summary judgment is due to be granted with respect to the City of Montgomery.

### III. CONCLUSION

Defendants' motion for summary judgment (Doc. # 20) is GRANTED in part and DENIED in part. It is GRANTED with respect to the false imprisonment/false arrest claim against Officer Bogan, and as to any claim against the City of Montgomery. It is DENIED with respect to the excessive force claim against Officer Bogan.

DONE this 13th day of October, 2009.

                                   /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE